Nash J.
 

 The plaintiffs and defendants are tenants1 in common of a tract of Swamp .land-: and the defendants,
 
 *61
 
 who are in possession, have cut down and carried to market a large quantity of timber growing on it. The bill is filed for an account. By a decree of the Court made by consent of the parties, reference was had to the master to state the account. A report was made to Spring Term 1851, of the Court of Equity for Martin County, to which each party excepted. It is unnecessary to consider any of the exceptions, but the first made by the defendant, as that disposes of the case as it is now before us. That exception is : “ That the defendants are charged with the value of the timber and some of tta05¡sa^5saS^]d, deducting only the actual expenses of^t^^ffif^sáfife^^parket, and not allowing the defendantajany thing for theijf risk and attention to the business: wlsyfeW 8$E@$3ídWs insist, that the proper charge agaipst them would be ¶ fair rent of the timber at the stump.” \TÍisISJi^tí8iJisJillowed; andas it goes to the principle orSith8^|pori»4Jie,<cause is referred back to the master, to take th£"'ac,count. The principle upon which such accounts are to be taken is stated, and the authorities cited, in the case of
 
 Bennett
 
 v.
 
 Thompson,
 
 decided at this Term, as a trespasser — we do not deem it necessary to do more than to refer to that case. The principle is that the account is to be taken of the value of the timber while growing, as a rent for the timber — this case being between tenants in common.
 

 Feu Curiam. Ordered accordingly.